MICHAEL A. KAKUK
Assistant United States Attorney
United States Attorney's Office
901 Front Street, Suite 1100
Helena, Montana 59626
Phone:     (406) 457-5262
E-mail:    Michael.Kakuk@usdoj.gov

DARREN HALVERSON
Trial Attorney
Fraud Section, Criminal Division
United States Department of Justice
300 N. Los Angeles Street, Suite 2001
Los Angeles, California 90012
Phone:     (202) 365-6897
Email:     Darren.Halverson@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 20-65-GF-BMM |
|---|---|
| Plaintiff, | |
| vs. | OFFER OF PROOF |
| JANAE NICHOLE HARPER, | |
| Defendant. | |

Defendant Janae Nichole Harper ("Defendant") has signed a plea agreement

with the United States Attorney's Office for the District of Montana and the Fraud

Section of the Criminal Division of the United States Department of Justice (collectively, the "United States"), which contemplates her plea of guilty to count 1 of the superseding indictment (the "Plea Agreement"). Count 1 charges conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349.

The United States has presented all formal plea offers to the Defendant in writing. The plea agreement entered into by the parties and filed with the Court represents, in the government's view, the only and most favorable offer extended to the Defendant. *See Missouri v. Frye*, 132 S.Ct. 1399 (2012).

**ELEMENTS.** In order to prove the case against Defendant at trial, the United States would have to prove the following elements beyond a reasonable doubt.

First, between on or about November 18, 2017, and continuing through on or about July 16, 2019, there was an agreement between two or more persons to commit the crime of health care fraud, in violation of 18 U.S.C. § 1347; and

Second, Defendant became a member of the conspiracy knowing its object and intending to help accomplish it.

Furthermore, Defendant understands that the elements of health care fraud, in violation of 18 U.S.C. § 1347, are:

First, the Defendant knowingly and willfully executed a scheme or plan to defraud a health care benefit program, or a scheme or plan to obtain money or

property owned by, or under the custody or control of, a health care benefit program by means of material false or fraudulent pretenses, representations, or promises;

Second, Defendant acted with the intent to defraud, that is, the intent to deceive and cheat;

Third, Medicare was a health care benefit program; and

Fourth, the scheme or plan was executed in connection with the delivery of or payment for health care benefits, items, or services.

**PROOF.** If called upon to prove this case at trial, and to provide a factual basis for Defendant's plea, the United States would present by way of the testimony of law enforcement officers, lay witnesses, expert witnesses, and physical evidence, the following:

Medicare was a "health care benefit program" as defined by Title 18, United States Code, Section 24(b), and a "Federal health care program" as defined by Title 42, United States Code, Section 1320a-7b(f), that provided benefits to individuals who were either 65 years of age and older, or disabled. Individuals who qualified for Medicare benefits were referred to as Medicare "beneficiaries." Medicare reimbursed suppliers for providing durable medical equipment ("DME") to beneficiaries who were eligible to receive Medicare Part B benefits, which included, among other things, coverage for reusable orthotic devices such as rigid

and semi-rigid braces for the knee, back, shoulder, and wrist (collectively, "braces").

Defendant was a licensed nurse practitioner in Montana, Missouri, Nevada, South Carolina, and Wyoming. Defendant was also enrolled as a medical provider with Medicare.

From on or about November 18, 2017, and continuing through on or about July 16, 2019, in the District of Montana and elsewhere, Defendant, together with Willie McNeal IV ("McNeal") and other persons both known and unknown, knowingly and willfully combined, conspired, and agreed to commit health care fraud, in violation of Title 18, United States Code, Section 1347. The criminal conspiracy operated, in substance, in the following manner:

During the conspiracy, Defendant worked primarily as a nurse practitioner in a dialysis clinic in Billings, Montana. In addition, in or around November 2017, Defendant began working for MedCare Staffing, Inc. ("MedCare"), a staffing company that hired medical providers to perform telemedicine consultations with Medicare beneficiaries located throughout the United States for telemedicine companies, including a telemedicine company called Integrated Support Plus, Inc. ("Integrated").

From approximately November 2017 to December 2018, Defendant worked as a medical provider for Integrated through MedCare and, in this capacity,

4

electronically signed orders/prescriptions for thousands of Medicare beneficiaries to receive various types of braces, including knee, back, shoulder, and wrist braces. MedCare paid Defendant approximately $22 for the brace orders/prescriptions that Defendant signed for each Medicare beneficiary through her telemedicine work with Integrated.

In approximately December 2018, Defendant switched to working directly for Integrated and Integrated's owner, McNeal, as a medical provider. Defendant continued to prescribe braces to Medicare beneficiaries in the same manner as she had previously done while working for Integrated through MedCare through approximately April 2019. During this time, Integrated paid Defendant approximately $30 for the brace orders/prescriptions that she signed for each Medicare beneficiary.

Throughout the course of the conspiracy, Defendant signed these electronic orders/prescriptions for braces knowing that these electronic orders/prescriptions—which each consisted of multi-paged documents labeled "detailed written order," "exam notes," and "letter of medical necessity"—were prepared by telemarketers who had no medical training or certifications. Defendant routinely signed these electronic orders/prescriptions for Medicare beneficiaries regardless of medical necessity, in the absence of a pre-existing medical provider-patient relationship, without a physical examination, and frequently based solely on a short telephonic

conversation or with no interaction at all with Medicare beneficiaries. On the majority of the occasions when the Defendant did briefly call a beneficiary or leave a recorded message for a beneficiary telling them that their brace prescriptions had been approved, Defendant did not confirm the information created by the telemarketer in the electronic brace orders/prescriptions with the beneficiary.

Defendant signed these electronic orders/prescriptions for braces knowing that various DME companies would use this documentation to bill to Medicare for the braces "prescribed" by Defendant. Between approximately November 2017 and July 2019, Defendant signed approximately 7,673 brace orders/prescriptions, which resulted in $8,259,849 billed to Medicare, of which Medicare paid approximately $4,307,934. During this same time period, MedCare and Integrated paid Defendant at least $94,395 for the electronic orders/prescriptions for braces that she signed.

Respectfully submitted this 19th day of April, 2021.

                                          LEIF JOHNSON
                                          Acting United States Attorney

                                          */s/ Michael Kakuk*
                                          Assistant U.S. Attorney
                                          Attorney for Plaintiff

                                          */s/ Daniel Kahn*
                                          Acting Chief, Fraud Section
                                          U.S. Department of Justice

*/s/ Darren Halverson*
Trial Attorney
Attorney for Plaintiff